NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322922
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LOGGING & PROCESSING INC., a Washington profit corporation; and DARREN HALL, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR BREACH OF SETTLEMENT AND RELEASE AGREEMENT** |

COMPLAINT

Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a California corporation with its principal place of business in the State of California, County of Orange.

2.     Defendant Pacific Logging & Processing Inc. ("Pacific Logging") is, and at all times relevant to this action was, a Washington profit corporation incorporated in Washington and with its principal place of business in the County of Lewis, State of Washington.

3.     Defendant Darren Hall ("Hall"), an individual (collectively with Pacific Logging, "Defendants"), is, and at all times relevant to this action was, a resident of the County of Lewis, State of Washington, and was an officer, shareholder, director, agent and/or owner of Defendant Pacific Logging.  Based on information and belief, including the Driver's License submitted by Hall to Balboa, Hall is domiciled in Centralia, Washington 98531.

4.     Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

Salisian|Lee LLP

COMPLAINT

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6.    Pursuant to the Settlement and Release Agreement described herein, Defendants agreed that document would be governed by the laws of the State of California.  In addition, the Settlement and Release Agreement provides, in pertinent part, as follows:

> 8.13 <u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of California. Each party submits to the jurisdiction of California and agrees that the Courts of Orange County, California and/or the United States District Court for the Central District of California, Santa Ana Division shall have exclusive and mandatory jurisdiction over the determination of any and all disputes arising out of or relating to this Agreement.

7.    <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8.    Specifically, as described above, Balboa is a citizen of the State of California; Pacific Logging is a citizen of the State of Washington; and Hall is citizen of the State of Washington.  As such, neither Pacific Logging nor Hall is a citizen of California, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

9.    <u>Venue</u>.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10.    All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

COMPLAINT

**FIRST CAUSE OF ACTION**

**(Breach of Settlement and Release Agreement)**

**(Against each of the Defendants)**

11.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12.    On or about May 16, 2022, Balboa and each of the Defendants executed a certain written Settlement and Release Agreement (the "SRA").  A true and correct copy of the SRA is attached as **Exhibit A** and is incorporated herein by reference.

13.    Under the terms of the SRA, Defendants were to pay to Balboa three[1] different settlement payment amounts.

14.    For the <u>first</u> of those, Defendants were obligated to pay Balboa the sum of Fifty-Nine Thousand Three Hundred Sixty-Two Dollars and Forty-Two Cents ($59,362.42) ("Settlement Amount No. 1") in full and complete settlement of all amounts then due and owing by Defendants for Equipment Financing Agreement No. 300259-001 ("EFA No. 1").  That was broken down to twenty-nine (29) monthly payments of $2,046.98, beginning June 22, 2022 and continuing on the 22nd day of each and every month up to and including October 22, 2024.

15.    The last payment received by Balboa for Settlement Amount No. 1 was credited toward the monthly payment due for May 22, 2024.  Therefore, on or about June 22, 2024, Defendants breached the SRA by failing to make the monthly payment due on that date for Settlement Amount No. 1.  Defendants' failure to make timely payments is a default under the terms of the SRA.

16.    For the <u>second</u> payment stream obligation, Defendants were to also pay to Balboa the sum of One Hundred Sixty-Three Thousand Twenty-Eight Dollars and Thirty-Two Cents ($163,028.32) ("Settlement Amount No. 2") in full and complete settlement of all amounts then due and owing for Equipment

---

[1] Only two are at issue here, as the third was fully paid by Defendants.

COMPLAINT

1  Financing Agreement No. 300259-002 ("EFA No. 2").  That was broken down to

2  fifty-two (52) monthly payments of $3,135.16, beginning June 22, 2022 and

3  continuing on the 22nd day of each and every month up to and including September

4  22, 2026.

5      17.    The last payment received by Balboa for Settlement Amount No. 2

6  was credited toward the monthly payment due for May 22, 2024.  Therefore, on or

7  about June 22, 2024, Defendants breached the SRA by failing to make the monthly

8  payment due on that date for Settlement Amount No. 2.  Defendants' failure to

9  make timely payments is a default under the terms of the SRA.

10     18.    In accordance with the SRA, and as a proximate result of Defendants'

11  default thereunder, Balboa declared the entire balance of all payments under the

12  SRA to be immediately due and payable to Balboa.  Therefore, there became due

13  the sum of $10,234.90 under Settlement Amount No. 1, and $87,784.48 under

14  Settlement Amount No. 2, totaling $98,019.38.  These amounts are exclusive of

15  interest, attorneys' fees and costs, no portion of which sum has been paid by

16  Defendants.

17     19.    Following Defendants' default, Defendants made one additional full

18  monthly payment for Settlement Amount No. 1 in the amount of $2,046.98 credited

19  for June 22, 2024, and Defendants made one additional full monthly payment for

20  Settlement Amount No. 2 in the amount of $3,135.16 credited for June 22, 2024.

21  Defendants have made no further payments.  Thus, $8,187.92 remains owed under

22  Settlement Amount No. 1, and $84,649.32 remains owed under Settlement Amount

23  No. 2, for the sum of $92,837.24 owed to Balboa.

24     20.    In addition, the terms of the SRA provide that Defendants are liable to

25  Balboa for late charges on all payments not made in a timely manner.  As of the

26  date of the filing of Balboa's Complaint, late charges in the sum of $376.22 are

27  now due and owing.

28

4

COMPLAINT

21.     Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the SRA, except as excused or prevented by the conduct of Defendants.

22.     As a proximate result of Defendants' breach of the SRA, Balboa has been damaged in the total sum of **$93,213.46**, plus prejudgment interest from June 22, 2024, until the entry of judgment herein.

23.     Further, under the terms of the SRA, the non-prevailing party in any dispute, claim, arbitration, or litigation based upon, arising out of, or relating to the breach, enforcement, or interpretation of the SRA is to pay all costs, including reasonable attorneys' fees, incurred by the prevailing party.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Defendants.

24.     The SRA also provides Balboa the remedy of possession of the Collaterals, which are the subject of EFA No. 1 and EFA No. 2.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collaterals.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

1.     The sum $93,213.46;

2.     Prejudgment interest from June 22, 2024 to the date of entry of judgment;

3.     Late charges and non-sufficient charges in an amount to be proven at trial;

4.     An order to recover possession of the Collaterals which are the subject of EFA No. 1 and EFA No. 2, or if the Collaterals cannot be delivered, for their reasonable value according to proof;

5.     Reasonable attorneys' fees and costs;

6.     Costs of suit as provided by law; and

Salisian|Lee LLP

COMPLAINT

1    7.    Such other and further relief that the Court considers proper.

2

3    DATED:  September 25, 2024          SALISIAN | LEE LLP

4

5                                                   By: _____

6                                                          Jared T. Densen
                                                           Neal S. Salisian
7                                                          Patty W. Chen

8                                                   Attorneys for Plaintiff
                                                    BALBOA CAPITAL CORPORATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Salisian|Lee LLP