1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
3  PATTY W. CHEN, SBN 322992
   patty.chen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:   (213) 622-9100
6  Facsimile:    (800) 622-9145

7  MARISA D. POULOS (SBN 197904)
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, 12th Floor
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10

11 Attorneys for Plaintiff
   BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LOGGING & PROCESSING INC., a Washington profit corporation; and DARREN HALL, an individual,<br><br>Defendants. | Case No. 8:24-cv-02082-FWS (KESx)<br><br>[Assigned to the Hon. Fred W. Slaughter]<br><br>**BALBOA CAPITAL CORPORATION'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DARREN HALL AND PACIFIC LOGGING & PROCESSING INC.**<br><br>Complaint Filed:   September 25, 2024 |

1  TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on April 24, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10D of the Ronald Reagan Federal Building and Courthouse, located at 411 W 4th St, Santa Ana, CA 92701, the Honorable Fred W. Slaughter presiding, plaintiff Balboa Capital Corporation ("Plaintiff" or "Balboa") will, and hereby does, apply for an entry of default judgment pursuant to Federal Rules of Civil Procedure Rule 55 and Local Rules 55-1, 55-2, and 55-3, against defendant Darren Hall, an individual ("Hall"), and Pacific Logging & Processing Inc. ("Pacific") (collectively with Hall, "Defendants"), for a judgment amount of **$100,934.20**.

PLEASE TAKE FURTHER NOTICE that Balboa seeks a default judgment against Defendants in the total amount of $100,934.20, as Balboa has established (a) a sum certain due and owing by Defendants to Balboa pursuant to the Settlement and Release Agreement entered into by Defendants and Balboa; (b) that Defendants are not in the military service and is neither a minor or incompetent person; and (c) costs and attorneys' fees are properly awardable.

//
//
//
//
//
//
//
//
//
//
//
//

PLEASE TAKE FURTHER NOTICE that this motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the supporting declarations of Patty W. Chen and Don Ngo, and the exhibits attached thereto, the pleadings and papers filed in this action, and upon such further briefing, authorities, and argument submitted to the Court prior to, or during, the hearing on this matter.

DATED: March 26, 2025         SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Patty W. Chen
Jared T. Densen

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

# TABLE OF CONTENTS

I.  INTRODUCTION AND RELEVANT FACTS ...............................................1
   a.  The Settlement and Release Agreement ……………………………....1
   b.  Attorneys' Fees and Costs ……………………………………………..2
   c.  Default Judgment Motion…………………………………………….2
II. LEGAL ARGUMENT ................................................................................4
   A.  Plaintiff Will Be Highly Prejudiced If Its Default Judgment Motion Is Denied. ...............................................................................................6
   B.  Plaintiff Has A High Likelihood Of Success On The Merits Of Its Substantive Claims And Its Complaint Is Sufficiently Pled..................7
   C.  The Sum Of Money At Stake Favors An Entry Of A Default Judgment Against Defendant..................................................................................8
   D.  There Are No Material Facts That Are Reasonably In Dispute. ............9
   E.  Defendants' Default Is Not The Result Of Excusable Neglect. ..........10
   F.  Policy Concerns Favor Default Judgment In This Matter. ..................12
   G.  Plaintiff Has Proven Its Damages. ......................................................13
III. CONCLUSION ................................................................................14

1

MOTION FOR DEFAULT JUDGMENT
CASE NO. 8:24-cv-02082-FWS (KESx)

# TABLE OF AUTHORITIES

**CASES**

*Acoustics, Inc. v. Trepte Constr. Co.*,
  14 Cal.App.3d 887, 916 (1971)......................................................................... 7

*Draper v. Coombs*,
  792 F.2d 915, 924 (9th Cir. 1986) ................................................................... 11

*Educational Serv., Inc. v. Maryland State Board for Higher Education*,
  710 F.2d 170, 176 (4th Cir. 1983) ................................................................... 11

*Eitel v. McCool*,
  782 F.2d 1470, 1471-72 (9th Cir. 1986). .................................... 4, 5, 7, 8, 9, 11

*Geddes v. United Fin. Group*,
  559 F.2d 557, 560 (9th Cir. 1977) ................................................................. 7, 9

*Landstar Ranger, Inc. v. Parth Enters, Inc.*,
  725 F.Supp.2d 916, 921 (C.D. Cal. 2010) ...................................................... 10

*McKnight v. Webster*,
  499 F.Supp. 420, 424 (E.D. PA 1980) ............................................................ 11

*NewGen, LLC v. Safe Cig, LLC*,
  804 F.3d 606, 616 (9th Cir. 2016) .............................................................. 10, 12

*O'Connor v. State of Nevada*,
  27 F.3d 357, 364 (9th Cir. 1994) ..................................................................... 11

*Pena v. Seguros La Comercia, S.A.*,
  770 F.2d 811, 814 (9th Cir. 1985) ................................................................... 12

*Penpower Tech, Ltd. v. S.P.C. Tech.*,
  627 F. Supp. 2d 1083 (N.D. Cal. 2008) ........................................................ 9, 12

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). ............................................. 6, 7

*Reichert v. Gen. Ins. Co.*,
  68 Cal.2d 822, 830 (1968) ................................................................................ 7

*Shanghai Automation Instrument Co. Ltd. v. Kuei*,
  194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) .................................................... 11

*Walters v. Statewide Concrete Barrier, Inc.*,
    No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ........... 8

**STATUTES**

Code of Civil Procedure § 1620 ................................................................................ 7

Code of Civil Procedure § 3300 ................................................................................ 7

Fed. R. Civ. P. 55 ....................................................................................................... 4

**OTHER AUTHORITIES**

RESTATEMENT 2d. CONTRACTS § 235(2) ........................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTS

Plaintiff Balboa Capital Corporation ("Plaintiff" or "Balboa") submits the instant Motion for Default Judgment against defendants Darren Hall, an individual ("Hall"), and Pacific Logging & Processing Inc. ("Pacific") (collectively with Hall, "Defendants").

### a. The Settlement and Release Agreement.

This action involves a claim for damages by Balboa against Defendants for breach of the Settlement Release Agreement (the "SRA"). [*See* Declaration of Don Ngo ("Ngo Decl."), ¶3, Exh. A.] Specifically, Balboa, on the one hand, Defendants, on the other, entered into the SRA on or about May 16, 2022. [*See id.*] Under the terms of the SRA, Defendants agreed to make fifty-two (52) monthly payments of $3,135.16 on the 22nd of each month, beginning June 22, 2022, for a total of $163,028.32 to settle the breach of Equipment Financing Agreement No. 300259-002 (the "EFA"). [*See id.*]

The last payment received by Balboa was credited toward the payment due for May 22, 2024. [*See id.*, ¶4, Exh. B.] Therefore, on June 22, 2024, Defendants breached the SRA by failing to make the monthly payment due on that date, and thus, have remained continuously in default. [*See id.*]

At the time of Defendants' default, there remained twenty-eight (28) monthly payments under the SRA for the EFA, for a total of **$87,784.48**, due to Balboa. [*See id.*, ¶5.]

In addition, based on the amount due of $87,784.48, Balboa is entitled to prejudgment interest at the statutory rate of ten percent (10%) pursuant to Civ. Proc. Code § 3289, from June 22, 2024, the date of breach, to April 24, 2025, the date noticed for the hearing of this Motion for Default Judgment for a total interest amount of **$7,383.35**, accruing at a rate of **$24.05 per day**, until the entry of

judgment. [*See id.*, ¶6; *see also* Declaration of Patty W. Chen ("Chen Decl."), ¶¶8-9.]

### b. Attorneys' Fees and Costs

Pursuant to Section 8.16 of the SRA, Balboa is entitled to recover its attorneys' fees and costs of the SRA sued upon herein from Defendants. [*See* Chen Decl., ¶10, Exh. A.] The amount of reasonable attorneys' fees is fixed by Local Rule 55-3, in the sum of **$5,111.37** for the SRA. [*See id.*] Balboa has indeed incurred **$655.00**, in recoverable costs - $405.00 filing fee for the Complaint, $125.00 for the service of process fees for Pacific Logging and $125.00 for the service of process fees for Hall. [*See id.*]

### c. Default Judgment Motion

Balboa's Default Motion satisfies the procedural requirements of Local Rule 55-1 and 55-2, and Federal Rule of Civil Procedure 55(b). Balboa filed its Complaint and case-initiating documents on September 25, 2024. [*See* Dkts. 1-4.] Defendants were properly served on November 3, 2024, pursuant to Federal Rule of Civil Procedure 4. [*See* Dkt. 13.] On December 26, 2024, Balboa filed its Request for Clerk to Enter Default against Defendants ("Default Entry Request"), and the Clerk entered default against Defendants on January 2, 2025. [*See* Dkts. 14-15.]

On January 5, 2025, Defendants filed a Declaration and Notice of Hearing, which the Court construed as a Motion to Set Aside Default. [*See* Dkts. 17-19.]

On January 24, 2025, Balboa had filed its Motion for Default Judgment against defendants Hall and Pacific as ordered by the Court (the "Motion.") [*See* Dkt. 16.]

On January 27, 2025, the Court granted the Motion to Set Aside Default for defendant Hall only as defendant Pacific was not properly represented by counsel. [*See* Dkt. 25.] Because the Court set aside the default against defendant Hall, the Court denied the Motion without prejudice as to refiling if "default against [defendant] Hall is entered in the future." [*See id.*] As to defendant Pacific, the

2

MOTION FOR DEFAULT JUDGMENT
CASE NO. 8:24-cv-02082-FWS (KESx)

| | |
|---|---|
| 1 | Court denied the Motion without prejudice because "the Complaint's factual |
| 2 | allegations and legal theories require uniform liability between Pacific [] and Hall, |
| 3 | and the default against Hall has been set aside." [*See id.*] However, the Clerk's |
| 4 | entry of default against defendant Pacific was "unaffected by [the Court's] Order." |
| 5 | [*See id*.] The Court further directed the parties to meet and confer in good faith |
| 6 | regarding the resolution of this matter, and directed defendant Hall to file a |
| 7 | response to the Complaint on or before March 10, 2025 if the parties did not find a |
| 8 | resolution. [*See id.*] The parties met and conferred and were unable to come to a |
| 9 | resolution. [*See* Chen Decl., ¶ 5.] |
| 10 | On March 10, 2025, defendant Hall did not respond to Balboa's Complaint as |
| 11 | directed by the Court. [*See id.*, ¶ 6; *See also* Dkt. 25.] Accordingly, on March 11, |
| 12 | 2025, the Court re-entered default against defendant Hall for his failure to respond. |
| 13 | [*See* Dkt. 26.] |
| 14 | Defendant Pacific is a Washington profit corporation, and is not a minor, |
| 15 | incompetent person, or a person in military service or otherwise exempted from |
| 16 | default judgment under the Servicemembers Civil Relief Act of 1940 (the |
| 17 | "SCRA"). [*See* Chen Decl., ¶7.] Defendant Hall is not a minor, incompetent |
| 18 | person, or a person in military service or otherwise exempted from default |
| 19 | judgment under the SCRA. [*See id.*, Exh. C.] |
| 20 | Moreover, this Court has subject matter jurisdiction over the instant action. |
| 21 | The amount in controversy, as alleged in the Complaint and as set forth herein, |
| 22 | exceeds $75,000. [*See* Dkt. 1.] Plaintiff Balboa was and still operates as a |
| 23 | California corporation, with its principal place of business in Orange County, |
| 24 | California. [*See id*.; *see also* Chen Decl., ¶11.] Accordingly, Balboa is a citizen of |
| 25 | the State of California. [*See id*.] |
| 26 | Based upon my office's research, and information and belief, defendant |
| 27 | Pacific is a Washington profit corporation with its principal place of business in |
| 28 | Washington. [*See* Chen Decl., ¶12.] Thus, defendant Pacific is a citizen of the State |

3

MOTION FOR DEFAULT JUDGMENT
CASE NO. 8:24-cv-02082-FWS (KESx)

of Washington. [*See id.*] Based upon my office's research, and information and belief, including the Driver's License Hall submitted to Balboa, defendant Hall is domiciled in Centralia, Washington 98531. [*See id.*] Thus, defendant Hall is citizen of the State of Washington. [*See id.*] As such, there exists complete diversity amongst the parties. [*See id.*, ¶13.]

As set forth below, a default judgment should be entered against each defendant since Balboa satisfies all seven factors under *Eitel*. Moreover, Balboa has adequately proven its damages. Thus, Balboa respectfully requests that this Court grant its request for a default judgment against Defendants in the amount of **$100,934.20**.

## II.   LEGAL ARGUMENT

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the Court may enter a judgment of default upon Plaintiff's application after an entry of default. *See* Fed. R. Civ. P. 55. Local Rule 55 sets forth the procedural requirements that must be satisfied by a party moving for a default judgment. Balboa's Motion has satisfied such requirements.

Here, Balboa filed its Complaint and case-initiating documents on September 25, 2024. [*See* Dkts. 1-4.] Defendants were properly served on November 3, 2024, pursuant to Federal Rule of Civil Procedure 4. [*See* Dkt. 13.] On December 26, 2024, Balboa filed its Default Entry Request, and the Clerk entered default against Defendants on January 2, 2025. [*See* Dkts. 14-15.]

On January 5, 2025, Defendants filed a Declaration and Notice of Hearing, which the Court construed as a Motion to Set Aside Default. [*See* Dkts. 17-19.]

On January 24, 2025, Balboa filed a Motion for Default against defendant Hall, and another Motion for Default Judgment against defendant Pacific pursuant to the Court's January 3, 2025 (In Chambers) Order. [See Dkts. 16, 23-24.]

On January 27, 2025, the Court granted the Motion to Set Aside Default for defendant Hall only as defendant Pacific was not properly represented by counsel.

[*See* Dkt. 25.] The Clerk's entry of default against defendant Pacific was "unaffected by [the Court's] Order." [*See id.*] The Court directed the parties to meet and confer in good faith regarding the resolution of this matter, and further directed defendant Hall to file a response to the Complaint on or before March 10, 2025 if the parties did not find a resolution. [*See id.*] The parties met and conferred and were unable to come to a resolution. [*See* Chen Decl., ¶ 5.]

On March 10, 2025, defendant Hall did not respond to Balboa's Complaint. [*See id.*, ¶ 6.] On March 11, 2025, the Court re-entered default against defendant Hall for his failure to respond to Balboa's Complaint. [*See* Dkt. 26.]

Defendant Pacific is a Washington profit corporation, and is not a minor, incompetent person, or a person in military service or otherwise exempted from default judgment under the SCRA. Defendant Hall is not a minor, incompetent person, or a person in military service or otherwise exempted from default judgment under the SCRA. [*See* Chen Decl., ¶4, Exh. C.]

The Ninth Circuit follow the seven *Eitel* factors in deciding whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F. 2d 1470, 1471-72 (9th Cir. 1986). A plaintiff need not prove that all seven factors weigh in its favor, as courts *may* consider these factors in their discretion on whether to enter a default judgment. *See id*.

Here, the underlying facts in this action show that all seven of the *Eitel* factors weigh in Balboa's favor and thus support the entry of default judgment.

### A. **Plaintiff Will Be Highly Prejudiced If Its Default Judgment Motion Is Denied.**

A situation in which a plaintiff will be without any other recourse or recovery should its default judgment application be denied qualifies as prejudice. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, Balboa has submitted its Default Motion as a last resort due to Defendants' deliberate unwillingness to engage in the action after filing the Declaration and Notice of Hearing, which the Court construed to be a Motion to Set Aside Default. [*See* Dkts. 17-19.]

The fact remains that Defendants, pursuant to the SRA, agreed to make fifty-two (52) monthly payments of $3,135.16, for which twenty-eight (28) monthly payments, for a total of **$87,784.48**, still remained due to Balboa at the time of Defendants' default. [*See* Ngo Decl., ¶¶3-5, Exh. A.]

Balboa has made demands for its monies from Defendants, all of which Defendants have failed to pay back. [*See id.*, ¶7.] Balboa filed its Complaint in this action to recover the monies owed on it.

Through their inaction, Defendants have made it clear that they will not be participating further in this action. After the Court set aside the entry of default against defendant Hall, he has since failed to engage in this action by filing a timely response as ordered by this Court. [*See* Dkts. 26-27.] Further, defendant Pacific has similarly failed to properly respond or otherwise participate in this action through legal counsel as required by Central District of California Local Rule 83-2.2.2. *See Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1283 (C.D. Cal. 2004); *see also In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Balboa's Default Motion is its final option for an attempt at recovery, and without the Court granting the default judgment, Balboa will be prejudiced and be denied its right to a judicial resolution of its presented claims given Defendants' refusal to engage in this action on the merits of the case. *See PepsiCo*, 238 F. Supp. 2d at 1177.

If Balboa's Default Motion is denied, it will suffer a significant loss due to no fault of its own, and Defendants will obtain a significant windfall of over $100,934.20. Not only will the deliberate nonaction by Defendants and their continued stalling techniques be unjustly rewarded, but Balboa will effectively be penalized for its procedurally proper demands for the return of its monies available through the court system's proper channels.

Balboa will be substantially prejudiced, especially with no other available recourse, should its Default Motion be denied, and thus, further support the Default Motion against Defendants to be granted by this Court.

### B. Plaintiff Has A High Likelihood Of Success On The Merits Of Its Substantive Claims And Its Complaint Is Sufficiently Pled.

"The general rule of law is that upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Courts often consider the second (merits of the claim) and third (sufficiency of the complaint) factors under *Eitel* together. *See PepsiCo*, 238 F. Supp. 2d at 1177.

The elements for a breach of contract are: (1) the existence of a contract, (2) performance by the plaintiff of its obligations under the contract, (3) breach of the contract by the defendant, and (4) resulting damages proximately caused by the Defendants' breach of contract. *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830 (1968); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal.App.3d 887, 916 (1971); *see also* Civ. Code §§ 1620, 3300; and RESTATEMENT 2d. CONTRACTS § 235(2).

Here, all elements are met. Specifically, Balboa, on the one hand, and Defendants, on the other, entered into the SRA on or about May 16, 2022. [*See* Ngo Decl., ¶3, Exh. A.] Under the terms of the SRA, Defendants agreed to make fifty-two (52) monthly payments of $3,135.16 on the 22nd of each month, beginning June 22, 2022, for a total of $163,028.32 to settle for breach of the EFA. [*See id.*]

The last payment received by Balboa was credited toward the payment due for May 22, 2024. [*See id.*, ¶4, Exh. B.] Therefore, on June 22, 2024, Defendants breached the SRA by failing to make the monthly payment due on that date, and thus, have remained continuously in default. [*See id.*]

At the time of Defendants' default, there remained twenty-eight (28) monthly payments under the SRA for the EFA, for a total of **$87,784.48**, due to Balboa. [*See id.*, ¶5.]

There is no doubt, and it cannot be disputed that: (1) Balboa and Defendants entered into the SRA; (2) Defendants ceased making payments pursuant to the SRA; and (3) Balboa has suffered and continues to suffer damages due to Defendants' continued nonpayment under the SRA. Thus, Balboa has a substantially high likelihood in succeeding on the merits of its claims. In fact, no known defenses exist to any of the material facts.

### C. The Sum Of Money At Stake Favors An Entry Of A Default Judgment Against Defendant.

As a general rule, courts factor the sum of money at stake on a case-by-case basis, and in relation to the other factors influencing whether to enter default judgment. *See Eitel*, 782 F.2d at 1472 (default judgment was denied where plaintiff was seeking $3 million in damages *and* the parties disputed material facts). This requires the court to assess whether the recovery sought is proportional to the harm caused by Defendants' conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("[i]f the

sum of money at issue is reasonably proportionate to the harm caused by the Defendants' actions, then default judgment is warranted").

In *Penpower Tech, Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008), despite reasoning that plaintiff's request for $677,075.37 in treble damages, $500,000.00 in punitive damages, $100,000.00 in statutory damages, attorneys' fees of $16,497.00, and costs of $2,005.00, were "speculative" and weighed against default judgment, the court nevertheless granted plaintiff's default judgment.

Here, Balboa seeks compensatory damages pursuant to the SRA in the amount of **$87,784.48**; prejudgment interest from June 22, 2024, the date of breach, to April 24, 2025, the date noticed for the hearing of this Motion for Default Judgment, in the amount of **$7,383.35**, plus **$24.05 per day** until the entry of judgment; statutory attorneys' fees, in the amount of **$5,111.37**; and costs in the amount of **$655.00**. [*See* Chen Decl., ¶¶5-7, Exh. D.] The damages sought are contractually-based and arise out of the clear terms and obligations of the SRA and the attorneys' fees requested are fixed by Local Rule 55-3. [*See id.*]

As such, the sum of money sought is reasonable and far from speculative. It is also substantially less than the $3 million sought in *Eitel*, in which this sum, and other factors, weighed in the favor of denying default judgment. And it is also substantially less than the roughly $1.3 million sought in *Penpower Tech*, in which default judgment was granted, despite the sum of money being deemed "speculative."

Thus, the sum of money sought in this action weighs in the favor of granting default judgment, especially in the light of the other seven *Eitel* factors, and due to the certainty and reasonableness of the sum.

D. **There Are No Material Facts That Are Reasonably In Dispute.**

"The general rule of law is that upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Geddes, supra*, 559 F.2d at 560. Where a plaintiff's complaint is well-pleaded

and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

As thoroughly detailed in Section II.B., *supra*, there are no material facts that are reasonably in dispute.

Here, specifically, Balboa, on the one hand, and Defendants, on the other, entered into the SRA on or about May 16, 2022. [*See* Ngo Decl., ¶3, Exh. A.] Under the terms of the SRA, Defendants agreed to make fifty-two (52) monthly payments of $3,135.16 on the 22nd of each month, beginning June 22, 2022, for a total of $163,028.32 to settle for breach of the EFA. [*See id.*, Exh. A.]

The last payment received by Balboa was credited toward the payment due for May 22, 2024. [*See id.*, ¶4, Exh. B.] Therefore, on June 22, 2024, Defendants breached the SRA by failing to make the monthly payment due on that date, and thus, have remained continuously in default. [*See id.*]

At the time of Defendants' default, there remained twenty-eight (28) monthly payments under the SRA for the EFA, for a total of **$87,784.48**, due to Balboa. [*See id.*, ¶5.]

Defendants cannot dispute any of the facts in any way or make any reasonable arguments surrounding any of the material facts in this action as seen in defendant Hall's failure to timely respond to the Complaint after the Court set aside the entry of default against him, and defendant Pacific's failure to participate in this action through legal counsel despite being properly served and notified of this action. *See Foley*, 312 F. Supp. 2d at 1283; *In re Highley*, 459 F.2d at 555; *Rowland,* 506 U.S. at 201-02.

E.   **Defendants' Default Is Not The Result Of Excusable Neglect.**

Excusable neglect is not found where a defendant who was properly served simply ignored the deadline to respond. *See NewGen, LLC v. Safe Cig, LLC*, 804 F.3d 606, 616 (9th Cir. 2016) (adding that Defendants' counsel contacting

plaintiff's counsel after default had been entered did not constitute to "excusable neglect").

In fact, courts have required some showing of good faith by the defaulted defendant to constitute "excusable neglect." *See Eitel*, 782 F.2d at 1471-72 (Defendants' failure to answer was held to be excusable neglect in light of ongoing settlement negotiations); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (finding excusable neglect where defendant filed an answer past the deadline and on the same day that the motion for default judgment was filed); *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (excusable neglect was found where defendant has good faith of a timely answer); *Educational Serv., Inc. v. Maryland State Board for Higher Education*, 710 F.2d 170, 176 (4th Cir. 1983) (excusable neglect found where defendant had appeared in the action and opposed a request for a preliminary injunction in which the party had set forth its defenses); *McKnight v. Webster*, 499 F. Supp. 420, 424 (E.D. PA 1980) (excusable neglect found where defendant sought an extension of time to respond, but a default judgment was sought in the interim).

Where the defendants "were properly served with the Complaint, the notice for the entry of default, as well as documents in support of the instant [default judgment application]," favors this factor for the entry of default judgment. *See Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were served with the Complaint and Summons on November 3, 2024, by personal service upon defendant Hall, as an individual and as the registered agent for service of process of defendant Pacific, at 8 Russell Road, Oakville, WA 98568. [*See* Dkts. 12-13.] Further, Defendants were additionally served at the same address thereafter with the Default Entry Request. [*See* Dkt. 14.]

| | |
|---|---|
| 1 | It is indisputable that Defendants were notified of this action as they filed a |
| 2 | Declaration and Notice of Hearing in this matter, which the Court construed as a |
| 3 | Motion to Set Aside Default. [*See* Dkts. 17-19.] |
| 4 | After the Court granted defendant Hall's Motion to Set Aside Default, he has |
| 5 | chosen not to engage in this action or file an answer to Balboa's Complaint despite |
| 6 | the Court's order directing him to file a response by March 10, 2025. [*See* Dkts. 26- |
| 7 | 27.] Similarly, defendant Pacific has failed to properly respond or otherwise |
| 8 | participate in this action through legal counsel as required by Central District of |
| 9 | California Local Rule 83-2.2.2. *See Foley*, 312 F. Supp. 2d at 1283. ; *In re Highley*, |
| 10 | 459 F.2d at 555; *Rowland,* 506 U.S. at 201-02. Such facts do not warrant a finding |
| 11 | of excusable neglect. *See NewGen*, 804 F.3d at 616. |
| 12 | Here, Defendants have blatantly ignored this matter after they filed their |
| 13 | Declaration and Notice of Hearing. [*See* Dkts. 17-19, 25.] Defendant Hall's |
| 14 | decision not to file a timely response, in spite of the Court's order, after filing the |
| 15 | Declaration and Notice of Hearing is blatantly intentional, and thus, would not |
| 16 | constitute excusable neglect. Moreover, defendant Pacific has failed to properly |
| 17 | appear in this matter altogether, which cannot constitute excusable neglect. |

### F.  Policy Concerns Favor Default Judgment In This Matter.

Although courts have expressed that as a general rule, policy favors decisions on the merits, cases should be decided on its merits only when *reasonably possible*. *See Pena v. Seguros La Comercia, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (emphasis added). The policy preference to decide a case on its merits is not dispositive, and thus does not preclude a court from granting a default judgment. *See Penpower Tech, Ltd.*, 627 F. Supp. 2d at 1093 (defendant's failure to respond to a Complaint makes a case decision on its merits impractical, if not, impossible).

Here, even the policy concerns to decide a case on its merits favor Balboa to grant Balboa's request for a default judgment. As detailed in II.E., *supra*, Defendants have made it abundantly clear that they will not further participate in

this litigation. Defendants have deliberately chosen a course of action to simply ignore this action after they filed their Declaration and Notice of Hearing, despite the Court's order directing defendant Hall to file a response by March 10, 2025. [*See* Dkts. 17-19, 25.] Thus, the Court's decision will not be based on the merits of this case since there is no reasonable possibility at this point given Defendants' refusal to participate further in this litigation.

Moreover, policy concerns certainly do not weigh in favor of rewarding Defendants for their unwillingness to account for their liability to Balboa, and the extremely prejudicial windfall they would receive should their deliberate silence and stalling techniques be rewarded, at Balboa's expense. *See* Section II.A., *supra*.

### G. **Plaintiff Has Proven Its Damages.**

Under the terms of the SRA, Defendants agreed to make fifty-two (52) monthly payments of $3,135.16 on the 22nd of each month, beginning June 22, 2022, for a total of $163,028.32 to settle for breach of the EFA. [*See* Ngo Decl., ¶3., Exh. A.]

The last payment received by Balboa was credited toward the payment due for May 22, 2024. [*See id*., ¶4, Exh. B.] Therefore, on June 22, 2024, Defendants breached the SRA by failing to make the monthly payment due on that date, and thus, have remained continuously in default. [*See id*.]

At the time of Defendants' default, there remained twenty-eight (28) monthly payments under the SRA for the EFA, for a total of **$87,784.48**, due to Balboa. [*See id*., ¶5.]

In addition, based on the amount due of $87,784.48, Balboa is entitled to prejudgment interest at the statutory rate of ten percent (10%) per annum pursuant to Civ. Proc. Code § 3289, from June 22, 2024, the date of breach, to April 24, 2025, the date noticed for the hearing of this Motion for Default Judgment, for a total interest amount of **$7,383.35**, accruing at a rate of **$24.05 per day**, until the entry of judgment. [*See id*., ¶6; *see also* Chen Decl., ¶¶8-9.]

Pursuant to Section 8.16 of the SRA, Balboa is entitled to recover its attorneys' fees and costs sued upon herein from Defendants. [*See* Chen Decl., ¶7; Ngo Decl., Exh. A.] The amount of reasonable attorneys' fees is fixed by Local Rule 55-3, in the sum of **$5,111.37** for the SRA. [*See* Chen Decl., ¶7.] Balboa has indeed incurred **$655.00**, which is comprised of a $405.00 filing fee for the Complaint, $125.00 for the service of process fees for Pacific Logging and $125.00 for the service of process fees for Hall. [*See id.*, Exh. C.]

Altogether, this totals out to **$100,934.20** (as of April 24, 2025), calculated as follows:

- Amount Owed: $87,784.48
- Prejudgment Interest: $ 7,383.35
- Recoverable Costs: $    655.00
- Attorneys' Fees: $ 5,111.37
- Total: **$100,934.20**

## III.   CONCLUSION

Based on Balboa's Complaint, Default Judgment Motion, and all supporting papers, Balboa respectfully requests that the Court grant its Default Judgment Motion against Defendants, in the total amount of **$100,934.20**.

DATE: March 26, 2025                  SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Patty W. Chen
Jared T. Densen

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION