_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02082-FWS-KES         Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                               Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [29]**

In this case, Plaintiff Balboa Capital Corporation ("Balboa") alleges that Defendants Pacific Logging & Processing, Inc. ("Pacific") and Darren Hall ("Hall") (together, "Defendants") breached a Settlement and Release Agreement. (Dkt. 1 ("Complaint" or "Compl.").) Defendants failed to appear and the Clerk entered default against them. (Dkts. 15, 25-27.) Now before the court is Balboa's Motion for Default Judgment. (Dkt. 29 ("Motion" or "Mot.").) The Motion is supported by the declarations of Balboa's "Legal Collector," Don Ngo, (Dkt. 29-1 ("Ngo Declaration" or "Ngo Decl.")), and Balboa's counsel, Patty Chen, (Dkt. 29-2 ("Chen Declaration" or "Chen Decl.")). The court has also considered Balboa's Supplemental Brief (Dkt. 33 ("Supplement" or "Supp.")), which is supported by the Supplemental Declaration of Don Ngo, (Dkt. 33-1 ("Supp. Ngo Decl.")). No opposition to the Motion has been filed. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 24, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                                       Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

---

**I.      Background**

     **A.      The Complaint's Allegations**

On May 16, 2022, Balboa and Defendants entered into a contract titled Settlement and Release Agreement ("SRA").  (Compl. ¶ 12; Dkt. 1-1, Ex. A (SRA).)  "Under the terms of the SRA, Defendants were to pay to Balboa three different settlement payment amounts," the first of which is at issue in this case, and the second and third of which Defendants paid.  (Compl. ¶ 13; Supp. at 3 ("Balboa is no longer seeking any monies owed under Settlement Amount No. 1."); Supp. Ngo Decl. ¶ 7 ("Following default but after Balboa filed its Complaint, Defendants paid an additional $10,000.00 to pay off the amount owed under Settlement Amount No. 1.").)  The payment at issue, which Balboa describes as "Settlement Amount No. 2," is a payment Defendants agreed to make to satisfy amounts due under Equipment Financing Agreement No. 300259-002 (the "EFA").  (Compl. ¶ 16.)  Specifically, Defendants agreed to pay Balboa $163,028.32 in 52 monthly payments of $3,135.16, beginning June 22, 2022, and continuing on the 22nd day of each and every month up to and including September 22, 2026.  (*Id.*)  Defendants made some payments, but failed to make monthly payments beginning June 22, 2024, leaving 28 payments remaining.  (*Id.* ¶ 17; Supp. Ngo Decl. ¶ 5.)

The SRA provides that if Defendants miss a payment, Balboa will issue a Notice of Default requiring a cure within three days (the "Cure Period"), and if Defendants "fail to cure the late installment within the Cure Period, Balboa may, at its election, declare the Agreement in default, accelerate all sums due, and exercise all remedies pursuant to this Agreement." (SRA at 3-4.)  The SRA further provides that "[i]n the event of any dispute, claim, arbitration, or litigation based upon, arising out of, or relating to, the breach, enforcement, or interpretation of any of the provisions of this Agreement after its complete execution by the Parties, the prevailing Party or Parties in such dispute, claim, arbitration, or litigation shall be entitled to recover its attorney's fees, costs and expenses, which are reasonably incurred, from the non-prevailing Party or Parties."  (*Id.* § 8.16.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                     Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

### B.     Procedural History

Defendants failed to appear and the Clerk entered default against them on January 2, 2025. (Dkt. 15.) Based on the Clerk's entry of default against Defendants, the court ordered Balboa to file a motion for default judgment on or before January 24, 2025. (Dkt. 16.) Accordingly, on January 24, 2025, Balboa filed motions for default judgment against Pacific and Hall. (Dkts. 23-24).

However, on January 5, 2025—three days after default was entered, and two days after the court set a deadline for Balboa to file a motion for default judgment—Hall filed two documents: a Declaration, (Dkt. 17), and a Notice of Hearing, (Dkt. 18). In the Declaration, Hall stated he was "[r]equesting to set aside default judgment" because "Balboa and their attorneys have not been accurate on the amount owed." (Declaration.) Hall noted that "Balboa's representatives have contacted [him] weekly since the filing of the case and have repeatedly promised to have the amount [owed] adjusted correctly and assured [him] this request will delay the proceedings," but "[o]nce the attorneys for Balboa filed for a default judgment, the representatives at Balboa have not attempted to communicate." (*Id.*) Hall stated that he "would like the opportunity to work out an arrangement for the corrected balance owed to be paid back," explaining that Pacific "has since gone bankrupt and rather than have to file for bankruptcy [Hall] has attempted to make amicable payment arrangements with [his] debts," and "[a]ll but Balboa have been cooperative." (*Id.*; *see id.* ("Neither Balboa or their attorneys have acted fairly, I believe.").) The Notice of Hearing appeared to attempt to set a hearing for a motion to set aside default judgment. (Notice of Hearing.)

The court construed the Declaration and Notice of Hearing together as a motion to set aside default ("Motion to Set Aside Default"), (Dkt. 19), and after Balboa filed an opposition, (Dkt. 21), the court granted the Motion to Set Aside Default, (Dkt. 25 ("Order Setting Aside Default")). In the Order Setting Aside Default, the court ordered Balboa to contact Hall "in order to discuss whether this case may be resolved," and ordered that "[t]he parties shall meet and confer in good faith regarding whether this case may be resolved." (Order Setting Aside Default at 7.) The court further ordered that "[i]f the parties are unable to reach a resolution,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                    Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

Hall shall file a response to the Complaint on or before **March 10, 2025**," and that "[i]f Hall fails to comply with the court's order to file a response to the Complaint on or before **March 10, 2025**, the court will construe that failure as an indication that Hall intends to cease participating in the defense of this case and will re-enter default against Hall." (*Id.*)

Hall did not file any response to the Complaint (or any other document) by the deadline. (*See generally* Dkt.) "As the court stated it would, the court construe[d] Hall's failure to respond to the Complaint by the deadline "as an indication that Hall intends to cease participating in the defense of this case and will re-enter default against Hall," and re-entered default against Hall. (Dkt. 26 at 2-3.) This Motion followed.

**II.    Legal Standards and Discussion**

In determining whether granting default judgment is appropriate, the court examines (1) its jurisdiction, (2) whether Balboa meets the procedural requirements for default judgment, (3) whether Balboa meets the substantive requirements for default judgment, and (4) whether it is appropriate to grant the particular relief Balboa seeks.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). For a defendant corporation, citizenship is established by the corporation's state of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                     Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

incorporation and "principal place of business." 28 U.S.C. § 1332(c)(2); *Hertz Corp. v. Friend*, 559 U.S. 77, 90-95 (2010).

First, the court finds that Balboa has sufficiently established subject matter jurisdiction. The Complaint alleges that the court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 7.) Balboa states that it is a California corporation with its principal place of business in Orange County, California. (Chen Decl. ¶ 11.) Balboa also states that "Pacific Logging is a citizen of the State of Washington; and Hall is citizen of the State of Washington." (Compl. ¶ 8; *see* Chen Decl. ¶ 7; SRA at 1; Motion to Set Aside Default (Hall's filings reflecting his Washington address).) Finally, Balboa seeks damages in excess of $75,000. (*See* Proposed Judgment); 28 U.S.C. § 1332. Accordingly, the court finds that Balboa has sufficiently established that the court has diversity jurisdiction over this case.

Second, the court finds that it may exercise personal jurisdiction over Defendants under the terms of the SRA. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court," including by "stipulat[ing] in advance to submit . . . controversies for resolution within a particular jurisdiction.") (internal quotation marks and citations omitted); *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("[T]he parties may consent to jurisdiction through a forum selection clause in a contract."). The SRA states that "[e]ach party submits to the jurisdiction of California and agrees that the Courts of Orange County, California and/or the United States District Court for the Central District of California, Santa Ana Division shall have exclusive and mandatory jurisdiction over the determination of any and all disputes arising out of or relating to this Agreement." (SRA § 8.13.) The record before the court adequately demonstrates the SRA was "freely negotiated," is not "unreasonable or unjust," and is therefore enforceable. *See Burger King Corp.*, 471 U.S. at 472 n.14 (citation omitted); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009). The court concludes Defendants consented to personal jurisdiction in this California court by signing the SRA.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                          Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

___

Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). In this case, the court finds Defendants were adequately served under Federal Rule of Civil Procedure 4. (*See* Dkts. 12-13.) Indeed, Hall's appearance in this case confirms he was served. (*See generally* Motion to Set Aside Default.)

### B.     Procedural Requirements

The court turns to the procedural requirements of default judgment. A party seeking default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the motion for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

C.D. Cal. L.R. 55-1.

The court finds Balboa has met the procedural requirements for default judgment. The Clerk entered default against Defendants on January 2, 2025, and March 11, 2025. (Dkts. 15,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                               Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

27.) Balboa's counsel represents that neither of Defendants is a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act. (Chen Decl. ¶ 7, Ex. C.) And Balboa gave Defendants notice of the Motion via U.S. Mail. (Dkt. 29-4 (Proof of Service).) Therefore, the court finds Balboa satisfied the procedural requirements for entry of default judgment.

### C.     Substantive Requirements (*Eitel* Factors)

When a party seeking default judgment meets the procedural requirements, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

#### 1.     Possibility of Prejudice to Balboa

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Although Defendants were served, and although Hall successfully moved to set aside the default initially entered against him, Pacific has not appeared in this action and Hall failed to file any response to the Complaint on or before the deadline set by the court. (*See* Dkt. 25 (setting aside default as to Hall and directing Hall to file a response to the Complaint on or before March 10, 2025); *see generally* Dkt.) Accordingly, the court finds Balboa will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                      Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

prejudiced if default judgment is not entered because Balboa will "likely be without other recourse for recovery." *See PepsiCo*, 238 F. Supp. 2d at 1177; *see Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse."). Therefore, the court concludes the first *Eitel* factor weighs in favor of granting default judgment. *See, e.g.*, *Ameris Bank v. Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *2 (C.D. Cal. June 20, 2024) ("Based on the facts established by the Complaint, the Court concludes that Balboa would suffer a significant loss due to Miljanovic's failure to acknowledge the litigation, while Miljanovic would obtain a significant windfall. Balboa originally loaned Miljanovic $163,501.64, of which Miljanovic has repaid less than half. Balboa would suffer prejudice if the Motion is denied because it would have no other recourse to recover the money owed to it under the EFA."); *Ameris Bank v. Key Carrier Grp., Co.*, 2024 WL 3740093, at *3 (C.D. Cal. June 28, 2024) (similar).

### 2. & 3. The Merits of Balboa's Substantive Claims and the Sufficiency of the Complaint

Even when default is entered, courts must still determine whether the facts alleged give rise a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The second and third *Eitel* factors address the substantive merits of a plaintiff's claims and the sufficiency of the Complaint, and "require that a plaintiff state a claim on which [the plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").

Balboa alleges Defendants breached the SRA. (Compl. ¶¶ 11-24.) An enforceable contract under California law consists of (1) parties are capable of contracting; (2) their consent;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                             Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

(3) a lawful object; and (4) a sufficient cause or consideration. *See* Cal. Civ. Code § 1550. To sufficiently allege a claim for breach of contract under California law, a plaintiff must allege (1) "the existence of the contract"; (2) the "plaintiff's performance or excuse for nonperformance"; (3) the "defendant's breach"; and (4) "the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted)*; see CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (same).

The court finds Balboa adequately alleges its breach of contract claim. First, taking Balboa's allegations as true and reviewing the evidence attached to the Complaint, Motion, and Supplement, Balboa sufficiently alleges there was a valid and enforceable contract between Balboa and Defendants, namely the SRA. (*See* Compl. ¶ 12; SRA); *see also Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) ("Usually, a written contract can be pleaded by alleging its making and attaching a copy which is incorporated by reference."); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). Second, Balboa adequately alleges it "performed all of the terms, conditions, and covenants required to be performed by it under the terms of the SRA, except as excused or prevented by the conduct of Defendants." (Compl. ¶ 21.) Third, Balboa sufficiently alleges Defendants failed to make payments under the SRA. (*Id.* ¶¶ 17-19.) Fourth, Balboa adequately alleges it was damaged. (*Id.* ¶ 22.) The court finds that Balboa sufficiently alleges that Defendants breached the SRA. The court therefore concludes the second and third *Eitel* factors favor entry of default judgment.

### 4. Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor compares the "recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                   Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

Cal. May 27, 2015). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "However, when 'the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate'" even for significant sums. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

In this case, Balboa seeks a total of $100,934.20. (Proposed Judgment; Supp. at 1.) The court finds that this amount, though not insignificant, arises directly from the contracts at issue and is tailored to Defendants' specific misconduct. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (affirming default judgment award of nearly $1.5 million when district court found that "[NewGen] only seeks contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and thus "the amount of money at stake does not bar an entry of default judgment") (alterations in original); *see also Wells Fargo Bank, N.A. v. Darmont Constr. Corp.*, 2021 WL 5862170, at *3 (C.D. Cal. July 29, 2021) ("The remedy for breach of contract is typically money damages, and 'the amount awarded is determined with the purpose of putting the injured party in as good a position as he would have occupied, had the contract been fully performed by the defendant.'") (quoting *Pay Less Drug Stores v. Bechdolt*, 92 Cal. App. 3d 496, 501 (1979)). "Since the relevant agreement[] clearly define[s] the remedy for breach," the court finds the fourth *Eitel* factor weighs in favor of granting default judgment. *Ameris Bank v. Old Pylon Trucking, LLC*, 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024); *see also, e.g.*, *Key Carrier Grp.*, 2024 WL 3740093, at *4 ("Because Defendant is contractually obligated to pay the requested damages, the court finds the requested damages are sufficiently tailored to Defendant's misconduct, namely breach of the EFA.").

### 5. Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                                      Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

is low. *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, Hall represented that "Balboa and their attorneys have not been accurate on the amount owed." (Declaration.) However, Balboa explains that Hall's objection was to Balboa seeking an amount in the Compliant that Defendants paid after Balboa filed the Complaint—an amount which Balboa does not seek in the Motion. (Supp. at 2.) Given this explanation, and given that Balboa's factual allegations are taken as true, that Balboa has attached the SRA to the Complaint, and that Defendants have failed to oppose the Motion or file a response to the Complaint, the court is not aware of any factual disputes that would preclude the entry of default judgment. *See id.* Accordingly, the court concludes the fifth *Eitel* factor weighs in favor of granting default judgment. *See, e.g.*, *Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *2 ("Here, Balboa has adequately alleged a breach of contract in its Complaint, so there is little possibility of a dispute concerning material facts."); *Key Carrier Grp.*, 2024 WL 3740093, at *5 (similar).

### 6. Whether Default Was Due to Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, the court finds there is no indication that Defendants' default was due to excusable neglect; Pacific failed to appear altogether despite being served with the Complaint, and Hall, after appearing, failed to file any response to the Complaint by the deadline set by the court or to file any opposition to the Motion. *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect."); *Landstar Ranger*, 725 F. Supp. 2d at 922 (finding "the possibility of excusable neglect [was] remote" when the defendant was properly served). Thus, the court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment. *See, e.g.*, *Key Carrier Grp.*, 2024 WL 3740093, at *5 ("Because the record indicates that Plaintiff properly served Defendant, the court concludes the possibility of excusable neglect is minimal."); *Miljanovic*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                   Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

*Trucking, Inc.*, 2024 WL 3740050, at *3 ("Here, Miljanovic was served with the Complaint, the request for entry of default, and the Motion. There appears little possibility that the default resulted from excusable neglect.") (citations omitted).

### 7. Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472 (citation omitted), "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. 1996)). Therefore, "when a defendant fails to appear and respond, default judgment is appropriate." *Allstate Life Ins. Co. v. Markowitz*, 590 F. Supp. 3d 1210, 1217 (C.D. Cal. 2022) (citation omitted); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (similar). Defendants' choice not to defend themselves in this case renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. "Thus, the preference to decide cases on the merits does not preclude [the] court from granting default judgment." *Id.* (internal quotation omitted). Accordingly, the court concludes this factor does not weigh against granting default judgment. *See, e.g.*, *Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *3 ("The preference for resolution on the merits is not dispositive of entering default judgment when the other *Eitel* factors favor such, as is the case here.").

### 8. Conclusion on the *Eitel* Factors

On balance, the court finds the *Eitel* factors weigh in favor of granting Balboa default judgment against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02082-FWS-KES            Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

### D.     Balboa's Requested Relief

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. As discussed above, Balboa requests (1) compensatory damages, (2) prejudgment interest, (3) attorney fees, and (4) costs. (*See* Proposed Judgment.)

### 1.     Compensatory Damages

Balboa requests $87,784.48 in compensatory damages for the remaining monthly payments under the SRA. (Proposed Judgment ¶ 1.a.) "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917-18. The plaintiff bears "the burden of proving damages through testimony or written affidavit." *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). "Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing." *Nike, Inc. v. B&B Clothing Co.*, 2007 WL 1515307, at *1 (E.D. Cal. May 22, 2007) (internal citations omitted).

"Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach." *Speirs v. BlueFire Ethanol Fuels, Inc.*, 243 Cal. App. 4th 969, 989 (2015) (citation omitted). "Direct damages are typically expectation damages, measured by what it would take to put the non-breaching party in the same position that it would be in had the breaching party performed as promised under the contract." *Id.* (citation omitted). An award of contract damages is meant to compensate the aggrieved party "for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought." *Runyan v. Pac. Air Indus., Inc.*, 2 Cal. 3d 304, 316 n.15 (1970). "The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES  Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

The court finds Balboa has provided sufficient proof of the damages stemming from the breach of the SRA in the form of the remaining monthly payments owed under the SRA, including by providing copies of the SRA and accounting records reflecting the payments Defendants made under the SRA. (*See* SRA; Supp. Ngo Decl. Ex. B.) The court further finds that damages for the remaining monthly payments owed are no greater than the amount required to put Balboa in the same position it would have been in had Defendants performed under the SRA, and those damages are appropriately awarded. *See Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) ("The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract.") (internal quotation marks omitted). Because there are 28 remaining monthly payments of $3,135.16 each under the SRA, the court awards **$87,784.48** in compensatory damages.

### 2. Prejudgment Interest

Balboa also requests prejudgment interest at the statutory rate of 10% per annum from the date of breach until the date judgment is entered. (Proposed Judgment ¶ 1.c.; Chen Decl. ¶ 8.) California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain. Cal. Civ. Code § 3287. "Typically, damages are deemed certain or capable of being made certain when 'there is essentially no dispute between the parties concerning the basis of computation of damages' and the underlying dispute centers solely on the question of liability." *W. Air Charter, Inc. v. Schembari*, 2019 WL 6998789, at *2 (C.D. Cal. Mar. 7, 2019) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991)).

Because there is no material dispute that Balboa performed under the SRA while Defendants did not perform under the SRA, and the SRA states Balboa is entitled upon default to "declare the Agreement in default, accelerate all sums due, and exercise all remedies pursuant to this Agreement," (SRA at 3-4), the court finds liability for all of the remaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                   Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

monthly payments was clearly ascertainable as of the date of the breach. California law provides that Balboa's requested rate of 10% per annum is properly awarded where prejudgment interest is available based on a breach of contract action unless another rate is specified in the contract. Cal. Civ. Code § 3298(b). Thus, the court will apply a 10% per annum rate to Balboa's breach of contract damages, from the date of Defendants' breach, June 22, 2024, to the date judgement is entered, April 14, 2025. As explained in Section II.D.1., *supra*, the court finds the amount owed for remaining monthly payments under the SRA is $87,784.48. Multiplying that amount by an interest rate of 10%, divided by 365 days per year, results in a daily rate of $24.05. (Chen Decl. ¶ 8.) There are 296 days between August 24, 2024, the date of the breach, and April 14, 2025, the date of judgment. (*See id.*) Thus, the court awards **$7,118.80** in prejudgment interest.

           **3.**       **Attorney Fees**

Balboa requests attorney fees in accordance with the fee schedule in Central District of California Local Rule 55-3. (Chen Decl. ¶ 10.) Under Local Rule 55-3, a party awarded more than $50,000 may recover $3,600 in attorney fees plus 4% of the amount over $50,000, so long as an "applicable statute provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3; *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). As relevant here, California Code of Civil Procedure § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021. California Civil Code § 1717 further provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to the party prevailing on the contract,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES            Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

---

whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The trial court "shall determine who is the party prevailing on the contract" by analyzing which party "recovered a greater relief in the action on the contract." *Id.* § 1717(b).

The SRA provides that Balboa may recover attorney fees upon an event of default. (SRA § 8.16.) And the court finds Balboa is the prevailing party because Balboa recovered "a greater relief in the action on the contract," including the compensatory damages and prejudgment interest described above. Cal. Civ. Code § 1717(a). Therefore, the court concludes Balboa is entitled to attorney fees under California law. Balboa asks the court to calculate attorney fees based on the amount of compensatory damages awarded, which is $87,784.48. (Chen Decl. ¶ 10; Section II.D.1., *supra*.) The court therefore awards Balboa $3,600 in attorney fees, plus 4% of the amount over $50,000, or $1,511.37, for a total attorney fee award of **$5,111.37**. *See* C.D. Cal. L.R. 55-3; (Chen Decl. ¶ 10).

   4.   **Costs**

Finally, Balboa requests $655.00 in costs, which is comprised of $405.00 for the Complaint's filing fee, $125.00 to serve Pacific, and $125.00 to serve Hall. (Chen Decl. ¶ 10, Ex. D.) Unless federal law or the Federal Rules of Civil Procedure provide otherwise, the court may order costs other than attorney fees to a prevailing party. Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1 (stating the prevailing party, or "the party in whose favor judgment is entered," is entitled to costs). Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessarily obtained exemplification and copying costs; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; *see also* L.R. 54-3.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02082-FWS-KES                                              Date: April 14, 2025
Title: Balboa Capital Corporation v. Pacific Logging & Processing Inc., *et al.*

In addition, where a statute's fee shifting provisions permit the recovery of reasonable attorney fees, the court has discretion to award non-taxable costs to the prevailing party. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Although a "district court must specify reasons for its refusal to award costs," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation and internal quotation marks omitted), the court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.").

As the party awarded default judgment and damages, Balboa is the prevailing party and thus may recover costs associated with the civil filing fee and service of process pursuant to Rule 54(d) and Local Rules 54-3.1 and 54-3.2. *See* L.R. 54-3.1 & 54-3.2 ("Reasonable fees for service of process under F.R.Civ.P. 4 . . . are taxable, including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service."). The court finds Balboa has provided sufficient documentation substantiating its requested costs. (Chen Decl. ¶ 8, Ex. F.) Accordingly, the court awards Balboa **$655.00** in costs.

### III.   Disposition

For the reasons stated above, the Motion is **GRANTED**. The court will enter judgment consistent with this Order.